IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANY WASHINGTON,<br>　　　　Plaintiff,<br><br>v.<br><br>ARCHER WESTERN<br>CONSTRUCTION, LLC,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-CV-2258-BW |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Archer Western Construction, LLC's ("Archer Western") Motion for Continuance and Entry of Amended Scheduling Order filed on August 19, 2025. (Dkt. No. 18 ("Mot.").) Plaintiff Brittany Washington filed a response in opposition to the motion on August 27 (Dkt. No. 20 ("Resp.")), and Defendant filed a reply on August 29, 2025 (Dkt. No. 21). The Court denies the motion for reasons explained below.

### I. BACKGROUND

Washington has asserted a claim against Archer Western for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). (*See* Dkt. No. 9 ("Am. Compl.").) On February 6, 2025, the Court entered its Initial Scheduling Order (Dkt. No. 17) setting deadlines in this case that approximated the parties' proposed dates for the timely progression of this case. (*See* Dkt. No. 15 ("Reply").) When the parties proposed this timetable, they also advised the Court that Washington "ha[d] asserted additional claims beyond those at issue in this case" that were then—and

-1-

still are—pending before the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 15.) The parties noted this fact for the Court's awareness but sought no court action. (*See id.*)

On August 19, 2025, with approximately two weeks remaining in the discovery period, Archer Western filed an opposed motion to continue all of the deadlines in this case. It proposes a continuance of trial approximately six months and asks the Court to reset essentially all of the deadlines imposed in this case, including those that have already passed such as for amending pleadings and disclosing experts. (Mot. at 5-6.) Archer Western cites two reasons for its request. As its primary basis for the motion, Archer Western notes that Washington's charge of discrimination remains pending before the EEOC. It anticipates that the EEOC will issue Washington a letter notifying her of her right to sue "in the near future" and that she will then file another lawsuit against it. Archer Western believes this case should be continued so Washington may "seek leave to amend her Complaint and include her discrimination and retaliation claims in this case[.]" (Mot. at 2.) Secondarily, Archer Western also advises that its lead counsel will be on parental leave from late-October 2025 until January 2026. (*Id.* at 5.) Washington opposes changing the deadlines in this case.

## II. LEGAL STANDARDS AND ANALYSIS

As Fed. R. Civ. P. 16(b)(4) and the scheduling order entered in this case provide, deadlines in the scheduling order may be modified "only for good cause[.]"

(*See* Dkt. No. 17 at 9.)  "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Grant v. Rathbun*, No. 3:15-CV-4025-D, 2016 WL 1750572, at *2 (N.D. Tex. May 3, 2016) (internal quotation marks omitted).  "Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause.'" *Id.*  Rather, good cause "require[s] the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Buchanan v. Sirius XM Radio, Inc.*, No. 3:17-CV-0728-D, 2018 WL 1932825, at *2 (N.D. Tex. Apr. 24, 2018) (internal quotation marks omitted).  In assessing a movant's showing, a court considers "(1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Cartier v. Egana of Switzerland (Am.) Corp.*, No. 308-CV-0001-D, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009)).  "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Id.* (quoting *EEOC v. Serv. Temps., Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)).

Archer Western has not demonstrated that good cause exists for modifying the scheduling order at this stage of the proceedings.  Specifically, Archer Western has not shown that this case—which is nearing the end of discovery—should be delayed to await the outcome of the EEOC process on Washington's charge of discrimination and retaliation.  Although the Court is sensitive to maximizing the

efficient use of resources, Archer Western has not demonstrated that extending this case serves that goal here.  First, Archer Western provides no basis upon which the Court can accept its belief that the EEOC will issue a right-to-sue letter "in the near future."  Washington's assessment is that "[t]here is no way for [Archer Western] to know how long the EEOC investigation will take[.]"  (Resp. at 2.)  Nor can the parties or the Court foresee whether the EEOC will litigate Washington's claims on her behalf or instead simply authorize her to do so.

Second, Archer Western has not shown why the case should now be hitched to the claims presented to the EEOC.  If postponing this case to await the outcome of EEOC proceedings is justified now, it presumably would have been justified when the parties proposed the timeline for this case and, more importantly, it presumably will justify postponing the case if further delay frustrates the six-month continuance Archer Western seeks now.  Assuming that the EEOC issues Washington a right-to-sue letter rather that file suit on her behalf, the Court would at that time have to restart this case with new claims, new discovery, new experts, and such.  While a stay early in this case might have been appropriate, this case is now near the end of discovery, and it would be inefficient to now postpone it indefinitely on the possibility that other claims from a second lawsuit might warrant repleading and renewed discovery.

To the extent Archer Western's motion is predicated on lead counsel's three-month absence on parental leave, the motion does not explain how this necessitates a

five- or six-month continuance of deadlines. The Court can presume from the title of lead counsel that Mr. McCrory has served an important role in Archer Western's defense, but Defendant's motion lacks any explanation why other counsel appearing in this action—or other attorneys at the law firm representing Archer Western—cannot adequately represent Defendant during the absence. Nor does it specify what steps counsel has taken to meet the needs of this case in anticipation of the absence.

Washington asserts that she would be prejudiced by delaying this action, but the Court does not weight that significantly in favor of denying the motion. (*See* Resp. at 4.) The Fifth Circuit has observed in the context of pleading amendments that delay alone does not constitute prejudice to the nonmovant plaintiff that allows denying amendment. *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018). Washington has not shown that continuing this case would risk the loss of witnesses or evidence necessary to the resolution of her claims.

Finally, the Court addresses Archer Western's suggestion that Washington is impermissibly "splitting" her claims. (*See* Reply at 1.) *See Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023) ("The rule against claim splitting prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants."). The Court does not consider Archer Western a victim of impermissible claim splitting here. The decision to separately pursue Washington's FLSA and discrimination claims was not

entirely hers. She is required by statute to advance the latter before the EEOC, and current circumstances illustrate that a plaintiff may risk running up on limitations periods if they wait to pursue other claims until after the EEOC concludes its review. Archer Western has known about Washington's charge of discrimination since this lawsuit was in a nascent stage. Had Archer Western believed that Washington was splitting her claims, it could have raised the issue at the motion-to-dismiss stage—as dismissal is a proper remedy for claim splitting, *see Le-Vel Brands, LLC v. R&D Glob., LLC*, No. 4:20-CV-420-SDJ, 2021 WL 963738, at *2 (E.D. Tex. Mar. 15, 2021)—or it could have sought to stay the case. *See, e.g.*, *Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-112, 2016 WL 922182 (E.D. Tex. Feb. 12, 2016) (addressing assertion of claim-splitting raised at the dismissal stage). Rather, it chose to move forward litigating this case.

Considering the relevant factors holistically, the Court concludes that Archer Western has not shown good cause for amending the scheduling order entered in this case. The motion (Dkt. No. 18) is therefore **DENIED**.

**SO ORDERED** on September 1, 2025.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE